**Curtis WELLMAN, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, United States Department of Labor, Respondents.**

**No. 82–3050.**

United States Court of Appeals,
Sixth Circuit.

Argued April 18, 1983.

Decided May 11, 1983.

Denise Butler Harty (argued), J. Michael O'Neill, Donald S. Shire, Associate Sol., U.S. Dept. of Labor, Benefits Review Board, U.S. Dept. of Labor, Washington, D.C., for respondents.

Joseph W. Justice (argued), Pikeville, Ky., for petitioner.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and MARKEY, Chief Judge.[*]

PER CURIAM.

Curtis Wellman appeals from an order of the Benefits Review Board (BRB) dismissing his appeal as untimely filed. After considering the briefs and oral arguments of counsel together with the record on appeal, we affirm.

Wellman filed an application for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* The case was referred by the Director, Office of Workers' Compensation Programs, to an administrative law judge for a hearing. Following the hearing the administrative law judge filed a decision and order rejecting Wellman's claim. This document was dated March 24, 1981, filed with the deputy commissioner, and served by certified mail on Wellman and the other parties, but was not served on the attorney who represented Wellman at the hearing. Wellman's attorney learned of the decision from Wellman's wife "several days thereafter." On April 3, 1981 the attorney wrote to the administrative law judge advising that he had not received a copy of the decision and order and requesting a copy. The administrative law judge then "redated" the decision and order April 13, 1981. The "redated" document retained the original March 24 date and was identical to the original except that the following inscription was added:

RE–DATE: April 13, 1981 [1]

\*   \*   \*   \*   \*   \*

[1] It has been brought to my attention that claimant's attorney Joseph W. Justice was not served with a copy of the Decision and Order dated March 24, 1981. The Decision has therefore been re-dated and served on all the parties.

Wellman's attorney filed a notice of appeal to the BRB on May 7, 1981. In the notice of appeal the decision and order dated March 24, 1981 was identified as the decision from which the appeal was taken. The notice of appeal contained no reference to the "redated" decision. The BRB found that the notice of appeal had been filed outside the 30-day time period prescribed by 33 U.S.C. § 921(a) [1] and 20 C.F.R. § 802.-205. The BRB also found that the statutory requirement of notice had been met when a copy of the decision and order was sent by certified mail to the claimant, Wellman. In view of the fact that service had been made in accordance with the statute the BRB held that the administrative law judge had no authority to issue a redated decision and order.

Wellman has never claimed that he did not receive the statutory notice of the decision. Though Wellman was hospitalized at the time, his wife signed for the certified letter and then informed the attorney. The attorney does not claim that he did not know that Wellman's claim had been denied. In his letter to the administrative law judge the attorney merely asked for a copy of the decision. He did not make a motion for reconsideration, which would have stopped the running of time for filing a notice of appeal. 20 C.F.R. § 725.479(c). On appeal Wellman's attorney argues that he was misled into believing he had 30 days from April 13 rather than from March 24 to file the notice of appeal. He contends that

---

[*] The Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation.

1. 33 U.S.C. § 921(a):

**Effectiveness and finality of orders**
(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

it was the usual practice of administrative law judges to mail copies of decisions to attorneys as well as claimants and that he relied on the practice.

A compensation order becomes final on the thirtieth day after filing unless proceedings are instituted before the BRB for the suspension or setting aside of such order. 33 U.S.C. § 921(a). The decision and order in the present case was filed in the office of the deputy commissioner on March 24, 1981. That filing was never rescinded or withdrawn. The issuance of a "redated" decision on April 13, 1981 did not affect that original filing. Though it is unfortunate if Wellman's appeal was lost because of his attorney's misapprehension of the effectiveness of the "redated" order, when thirty days ran following filing of the decision without any proceedings being instituted before the BRB, that body was without jurisdiction to consider the case on the basis of a notice of appeal filed 14 days thereafter.

The order of dismissal is affirmed.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

Respectfully I dissent. What is at issue here is the right of a coal miner, who has once been found by the agency to be disabled by pneumoconiosis and hence eligible for benefits, to appeal the agency's subsequent denial. I would hold that this right to appeal was *not* terminated by the running of 30 days from the original filing without a notice of appeal when it was caused by his lawyer's reliance upon the Administrative Law Judge's redating of his decision and order. The 30 day filing requirement should be held to run from the judge's redating of the order thus preserving the coal miner's right to appeal.