745 F.2d 380
 The YOUGHIOGHENY AND OHIO COAL COMPANY, Petitioner,
v.
BENEFITS REVIEW BOARD, United States Department of Labor;
Arthur W. Sullivan, Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 83-3488.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 7, 1984.
Decided Oct. 5, 1984.
 
 Gerald P. Duff, Kinder, Kinder & Hanlon, John G. Paleudis (argued), St. Clairsville, Ohio, for petitioner.
 Paul A. Pachuta (argued), Reynoldsburg, Ohio, J. Michael O'Neil, Troy B. Smith (LC) (argued), U.S. Dept. of Labor, Washington, D.C., for respondent Benefits Review Bd.
 Before ENGEL and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Youghiogheny and Ohio Coal Company (the Company) petitions for review of a decision of the United States Department of Labor Benefits Review Board (the Board) in which the Board held that it did not have jurisdiction to review the decision of a Department of Labor hearing officer.
 
 
 2
 This action began when Arthur Sullivan filed a claim for benefits with the Department of Labor pursuant to the Black Lung Benefits Act. 30 U.S.C. Secs. 901-45 (1982). The Department of Labor determined that Sullivan was eligible for benefits and that the Company was potentially liable for the payment of those benefits.
 
 
 3
 The Company requested and obtained a hearing concerning the award of benefits. The hearing officer decided in favor of Sullivan. The Company appealed this decision to the Benefits Review Board which remanded the case to the hearing officer for further proceedings. On July 11, 1978, the hearing officer reaffirmed his previous decision. The same day, the Company filed a motion with the hearing officer requesting another hearing. On July 27, 1978, the hearing officer denied this motion.
 
 
 4
 The Company did not receive notice of the July 27 decision until June 9, 1982. On June 17, 1982, the Company appealed the hearing officer's decision of July 27, 1978. The Benefits Review Board declined to review the decision because the notice of appeal was not timely filed. The Board held that the improper mailing of a decision or order to a party does not extend the time for filing a notice of appeal. The Company petitions this court to reverse the determination of the Benefits Review Board.
 
 
 5
 When the hearing officer entered the order denying the Company's motion for an additional hearing, it became his duty under 33 U.S.C. Sec. 919(e) to file the decision in the Office of the Deputy Commissioner of the Department of Labor. The Office of the Deputy Commissioner was then responsible for sending a copy of the decision to the Company. 33 U.S.C. Sec. 919(e) (1982); 20 C.F.R. 725.484 (1978).[1] Notice of the hearing officer's decision was not sent until June, 1982. In declining to review the hearing officer's decision, the Board took the position that the improper mailing of a decision or order to the parties does not extend the time for filing a notice of appeal. See Sauls v. Armco Steel Corporation, 5 Black Lung Rptr. 1-712 (Benefits Review Board 1983). However, in its brief on appeal the Board has now acknowledged that according to 33 U.S.C. 919(e) and 20 C.F.R. 725.484, "the Hearing Officer's July 27, 1978 decision denying the employer's request for further hearing in this case did not become effective, and the thirty-day appeal time did not begin to run until June 9, 1982, when [the decision] was served on the parties." In Bennett v. Director, 717 F.2d 1167, 1168-69 (7th Cir.1983), the Seventh Circuit agreed with this interpretation:
 
 
 6
 According to 20 C.F.R. Sec. 725.478, a decision of an ALJ is "considered to be filed in the office of the deputy commissioner" on the date it is issued and served on the parties. Under these regulations, the petitioner had thirty days after he was served with ALJ Levin's decision and order on March 24, 1980, in which to appeal the decision to the BRB. (emphasis added)
 
 
 7
 We agree that the Board's interpretation of the statute and regulations is correct.
 
 
 8
 Notwithstanding this change of position, the Board persists in its refusal to allow the Company to appeal the hearing officer's decision here, because of (1) the employer's failure to take any action during the four-year period between July, 1978 and June, 1982 to obtain the hearing officer's decision, and (2) the substantial prejudice to the interests of the miner that would allegedly result were the Review Board reversed. In the opinion of the court, the Board may not ignore the statute and regulations for these reasons. In addition, the Board's argument fails because we find neither prejudice to the miner nor unreasonable delay in this case.
 
 
 9
 The Board contended that the miner would be prejudiced because, should the miner ultimately lose his benefits as a result of the petitioner's appeal to the Board, the miner would be obligated to reimburse the Black Lung Disability Trust Fund for the benefits he has received since 1974. 20 C.F.R. 725.540-. 544 (1983). However, these regulations also ensure that a recipient of overpayments will not be required to repay the benefits if he is without fault and if repayment would deprive him of income required for ordinary and necessary living expenses.[2] Thus, the law and regulations already provide protection against any substantial injury which might result from the delay.
 
 
 10
 The Board also claims that the Company was guilty of unreasonable delay in asserting its rights because it did not inquire about the hearing officer's decision for four years after it was rendered.
 
 
 11
 The appeal by the Company was taken within thirty days of the date the decision was served upon the parties. It was, therefore, timely. To hold otherwise where the delay was caused in the first instance by the Board's neglect would introduce uncertainty into the administrative scheme. This, in our view, is too high a price to pay for the altogether speculative conclusion, unsupported by the record, that the Company should have assumed the Board's neglect and acted earlier to protect itself.
 
 
 12
 Accordingly, the petition for review is granted and the cause REMANDED to the Benefits Review Board for reinstatement of the appeal.
 
 
 
 [1]
 20 C.F.R. 725.484 was in effect at the time of the hearing officer's decision. The regulations were later changed to require the administrative law judge, instead of the deputy commissioner, to serve by certified mail any decision or order issued in a case. 20 C.F.R. 725.478, .479 (1983)
 
 
 [2]
 20 C.F.R. Sec. 725.542 (1983) provides:
 There shall be no adjustment or recovery of an overpayment in any case where an incorrect payment has been made with respect to an individual:
 (a) Who is without fault, and where
 (b) Adjustment or recovery would either:
 (1) Defeat the purpose of title IV of the Act, or
 (2) Be against equity and good conscience.
 
 
 [20]
 C.F.R. Sec. 725.543 (1983) provides:
 The standards for determining the applicability of the criteria listed in Sec. 725.542 shall be the same as those applied by the Social Security Administration under Secs. 410.561-561h of this title.
 
 
 [29]
 C.F.R. Sec. 410.561(c) (1983) provides in part that
 "defeat the purpose of title IV" for purposes of this subpart, means defeat the purpose of benefits under this title, i.e., to deprive a person of income required for ordinary and necessary living expenses. This depends upon whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs.