**Cecil TOWNSEND, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**No. 84–7371**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 9, 1984.

J. Michael O'Neill, Washington, D.C., for Dir., OWCP, U.S. Dept. of Labor.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Cecil Townsend appeals from the summary dismissal of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.* Townsend concedes that his notice of appeal from the Administrative Law Judge's denial of benefits on September 30, 1981, to the Benefits Review Board was filed outside the 30-day time limit under the statute.[1] However, Townsend con-

---

1. Section 21(a) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 921(a)) is incorporated into the Black Lung Benefits Act by virtue of 30 U.S.C. § 932(a), and provides as follows:

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in § 19, and, unless proceedings for the suspension or putting aside of such order are instituted as provided in

tends that the ALJ's September 30 Order denying benefits failed to inform him of his appeal rights and this failure of notice should prevent strict application of the 30-day limit.

 Every court that has considered the effect of the 30-day time limit in § 21(a) has determined that the provision is jurisdictional and excusable neglect or equitable tolling cannot operate to enlarge the time for appeal to the Benefits Review Board.[2] The Regulations also state that the Board has no jurisdiction to consider an untimely appeal. 20 C.F.R. § 802.205(c) (failure to file notice of appeal within 30 days "shall foreclose all rights to review by the Board with respect to the case or matter in question. Any untimely appeal will be summarily dismissed by the Board for lack of jurisdiction."). However, we need not decide whether or not the 30-day limit is jurisdictional. Even if equitable tolling is available under the statute, the only ground that Townsend asserts as justification for his untimely notice of appeal is that the ALJ's order did not notify him of his appellate rights or the time limits relevant thereto. The regulations under the statute do not require the ALJ to notify a claimant of his appeal rights. *See* 20 C.F.R. § 725.477. Townsend was represented by counsel and could have easily determined the time for filing appeal, which is clearly stated on the face of the statute and regulations. Therefore, Townsend's failure to timely file his appeal was not on these facts justified by excusable neglect that might lead to an equitable tolling of the 30-day limit, even if such tolling is available under the statute.

Accordingly, the Board's dismissal of Townsend's untimely appeal is

AFFIRMED.

> subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

**2.** *See Bennett v. Director, Office of Workers' Compensation Program,* 717 F.2d 1167 (7th Cir. 1983); *Wellman v. Director, Office of Workers' Compensation Program,* 706 F.2d 191 (6th Cir. 1983); *Insurance Company of North America v.*

*Gee,* 702 F.2d 411 (2d Cir.1983); *Blevins v. Director, Office of Workers' Compensation Program,* 683 F.2d 139 (6th Cir.1982); *Pittson Stevedoring Corp. v. Dellaventura,* 544 F.2d 35 (2d Cir.1976), *aff'd sub nom Northeast Marine Terminal v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977).