872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lewis LACY, Sr., Petitioner-Appellant,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents-Appellees.
 No. 88-2120.
 United States Court of Appeals, Fourth Circuit.
 March 29, 1989.
Rehearing and Rehearing En Banc Denied May 16, 1989.
 
 Lewis Lacy, Sr., petitioner pro se.
 Douglas Allan Smoot, Joanna Old, Jackson & Kelly, for respondent Norfolk and Western Railway Company.
 George R. Salem, Donald Steven Shire, Steven D. Breeskin, Paul Frieden, United States Department of Labor, for Respondent Director, Office of Workers' Compensation Programs.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lewis Lacy seeks review of a decision of the Benefits Review Board (BRB or Board) dismissing as untimely an appeal from the administrative law judge's denial of black lung benefits pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq.
 
 
 2
 The administrative law judge (ALJ) issued a decision and order denying benefits dated July 23, 1987, and sent a copy of the decision by regular mail to the parties.[1] By letter dated September 30, 1987, and received by the Board on October 5, 1987, Lacy stated that he did not receive notice of the decision until September 29, 1987.[2]
 
 
 3
 On April 28, 1988, the Board dismissed the appeal as untimely, because it was filed more than thirty days after the ALJ's decision was filed in the deputy commissioner's office on August 3, 1987. The Board found that because Lacy's current address appeared on the service sheet of the ALJ's order, he was properly served. Lacy then filed a pro se petition for review with this Court.
 
 
 4
 The time in which to appeal an ALJ's decision to the Board is thirty days after the date that the ALJ's decision becomes "effective." 33 U.S.C. Sec. 921(a). Under 33 U.S.C. Sec. 919(e) the order must be both filed in the office of the deputy commissioner and served on the parties by registered or certified mail. See Patton v. Director, OWCP, 763 F.2d 553, 557 (3d Cir.1985); Youghiogheny & Ohio Coal Co. v. Benefits Review Board, 745 F.2d 380 (6th Cir.1984). See also 20 C.F.R. Sec. 725.478. Although notice of the ALJ's decision and order was mailed to Lacy on July 23, 1987, there is no indication that it was sent by registered or certified mail. Thus, the ALJ's decision and order did not become "effective" until Lacy received notice on September 29, 1987. Lacy's notice of appeal received by the Board on October 5, 1987 was therefore timely. 20 C.F.R. Secs. 802.205(a), 802.207(a). We therefore vacate the decision below and remand for a determination of the merits of the appeal.
 
 
 5
 Because oral argument would not significantly aid the decisional process, we dispense with it.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 [1]
 There is no indication on the service sheet that notice of the decision was sent by either registered or certified mail
 
 
 [2]
 Lacy also stated in the letter, dated September 30, 1987, that he received notice of the decision "today."