878 F.2d 1083
 Charles TONELLI, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, As Designee of William
E. Brock, III, Secretary of Labor, Respondents.
 No. 87-1455.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 18, 1988*.
Decided June 28, 1989.
 
 I. John Rossi, Des Moines, Iowa, for petitioner.
 Barbara J. Johnson, Sylvia T. Kaser, Patricia M. Nece, U.S. Dept. of Labor, Washington, D.C., for respondents.
 Before HEANEY,** and JOHN R. GIBSON, Circuit Judges, and HENLEY, Senior Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Charles Tonelli seeks review of the decision of the Department of Labor's Benefits Review Board (BRB) denying his 1982 claim for disability benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. (the Act).[1] The BRB concluded that the ALJ did not need to reconsider Tonelli's 1974 claim, as that claim had been abandoned. It affirmed the ALJ's use of the permanent entitlement criteria under 20 C.F.R. Part 718 and the decision on the merits to deny Tonelli's 1982 claim. On appeal, Tonelli contends that the BRB erred in finding that his 1974 claim had been abandoned and in refusing to merge his two claims. We affirm.
 
 BACKGROUND
 
 2
 Tonelli filed an initial application for benefits under the Act on July 1, 1974. The Department of Labor denied the claim on May 1, 1975. Tonelli took no further action at that time. In 1979, the claim was automatically reviewed by the Department pursuant to the Reform Act, 30 U.S.C. Sec. 945.[2] Tonelli learned of the review on June 6, 1979. The Department informed Tonelli that the information in his file was insufficient to substantiate his claim for benefits but that he had thirty days in which to obtain further medical evidence. Tonelli did not respond, nor did he seek additional evidence. On July 10, 1979, the Department denied his claim by letter. In this letter, Tonelli was informed that he had sixty days either to submit additional evidence or to request a hearing. The letter also notified Tonelli that inaction would result in a finding that his claim was abandoned and that he had a right to request a reconsideration of the denial within one year if his condition changed or if a mistake had been made. Again, Tonelli did not respond.
 
 
 3
 On February 16, 1982, Tonelli filed a second application for benefits which was denied on January 10, 1983. The deputy commissioner held that Tonelli's 1974 application had been closed because Tonelli failed to appeal or to seek a reconsideration within the requisite time period. A hearing was then held before an ALJ on June 6, 1984. The ALJ held that, because Tonelli failed to respond to the Department's July 10, 1979 letter, his 1974 claim had been abandoned and his 1982 claim was properly evaluated under criteria in 20 C.F.R. Part 718.[3] The ALJ denied Tonelli's claim, finding that Tonelli was not totally disabled due to pneumoconiosis. The BRB affirmed the ALJ's decision in its entirety.
 
 DISCUSSION
 
 4
 On appeal, Tonelli raises several issues, all of which relate to the finding that his 1974 claim had been abandoned. Tonelli argues that the ALJ and BRB erred in finding that he had abandoned his 1974 claim, that the Department of Labor failed to give him the requisite notice of abandonment, and that the ALJ and BRB erred by failing to merge his two claims. This Court's scope of review is limited to an evaluation of whether the ALJ's and the BRB's decisions are rational, supported by substantial evidence and consistent with applicable law. Old Ben Coal Co. v. Luker, 826 F.2d 688, 691-92 (7th Cir.1987); see also, Brazzelle v. Director, Office of Workers' Comp., 803 F.2d 934, 936 (8th Cir.1986) (application of substantial evidence test).
 
 
 5
 First, in his supplemental brief before this Court, Tonelli disputes the ALJ's factual finding that he received the July 10, 1979 letter from the Department notifying him that his claim had been denied. This Court will not overturn this finding of fact if it is supported by substantial evidence on the record taken as a whole. Brazzalle, 803 F.2d at 936. The record shows that the letter was issued by an Office of Workers' Compensation Programs' claim examiner and sent to Tonelli's home address. At the 1984 hearing before the ALJ, Tonelli testified that he remembered receiving a letter from the Department of Labor and that he responded to it. He later contradicted himself by saying he could not remember ever receiving the letter. Tonelli's wife also testified that he had been notified of the denial and had asked for a review of his claim. Based on this testimony, we do not believe that the ALJ erred by disbelieving Tonelli's testimony. There is substantial evidence supporting the determination that Tonelli received the letter notifying him that his claim would be abandoned by failing to respond.[4]
 
 
 6
 Second, Tonelli asserts that, even if he received notice of the initial finding of ineligibility, he had not been properly notified that his claim had been denied by reason of abandonment. Tonelli bases his argument on an alleged interplay between two regulations. The pertinent regulations provide in part:
 
 
 7
 Sec. 725.409 Denial of a claim by reason of abandonment.
 
 
 8
 (a) A claim may be denied at any time by the deputy commissioner by reason of abandonment where the claimant fails:
 
 
 9
 (1) To undergo a required medical examination without good cause; or,
 
 
 10
 (2) To submit evidence sufficient to make a determination of the claim; or,
 
 
 11
 (3) To pursue the claim with reasonable diligence.
 
 
 12
 (b) If the deputy commissioner determines that a denial by reason of abandonment is appropriate, he or she shall notify the claimant of the reasons for such denial and of the action which must be taken to avoid a denial by reason of abandonment. If there is no response to the notice within 30 days after such notice is sent, the claim shall be considered denied by reason of abandonment. If the claimant responds in a timely fashion, indicating a desire to pursue the claim, by requesting a hearing or indicating the intent to submit additional evidence, the deputy commissioner shall, if a hearing is requested, proceed in accordance with Sec. 725.412 or allow a reasonable time of not less than 60 days for the claimant to take the specified remedial action. If the claimant completes the action requested within the time allowed, the claim shall be developed, processed and adjudicated as specified in this part. If the claimant does not fully comply with the action requested by the deputy commissioner, the deputy commissioner shall so notify the claimant. If the claimant does not request a hearing or fully comply with the action requested by the deputy commissioner within 30 days of such notification, the claim shall be considered denied by reason of abandonment, except that a new claim may be filed at any time and new evidence submitted where the requirements of Sec. 725.310 are not met. (emphasis added).
 
 
 13
 Sec. 725.410 Initial findings by the deputy commissioner.
 
 
 14
 * * *
 
 
 15
 * * *(c) If the evidence submitted does not support an initial finding of eligibility, the deputy commissioner shall so notify the claimant in writing. This notification shall specify the reasons why the claim cannot be approved, the additional evidence necessary to establish entitlement, the right of the claimant to submit additional evidence, and the right to request a hearing. Within 60 days from the mailing of such notice, unless such period is extended by the deputy commissioner for good cause shown, the claimant may submit new evidence or request a hearing. If the claimant:
 
 
 16
 (1) Takes no action within the specified 60 day period, the claim shall be considered denied by reason of abandonment (see Sec. 725.409).
 
 
 17
 Tonelli asserts that the procedural requirements of 20 C.F.R. Sec. 725.409(b) are incorporated into Sec. 725.410(c)(1) by the parenthetical at the end of the latter provision. If so read, the deputy commissioner would be required to send a 30-day notice letter regarding abandonment after sending and receiving no response to a 60-day initial denial letter. Because Tonelli did not receive a notice of the sort prescribed in Sec. 725.409(b), he claims that the ALJ's finding of abandonment was improper.
 
 
 18
 This argument was advanced and rejected by the court in Clark v. Director, O.W.C.P., U.S. Dept. of Labor, 838 F.2d 197, 199-200 (6th Cir.1988). We agree with the Sixth Circuit that the advice to "see Sec. 725.409" was not intended to incorporate this regulation into section 725.410(c)(1). As the Department of Labor points out, section 725.410 applies to situations in which there is sufficient evidence in the record and the agency has made a factual determination. Section 725.409, however, applies to situations in which the record does not contain sufficient evidence to allow the agency to make a factual determination. Thus, the two sections cover different stages of the administrative process. In this case, the deputy commissioner found that sufficient facts existed to deny Tonelli's claim and the Department fully notified him of this denial as required by section 725.410. We believe the notice Tonelli received was sufficient.[5]
 
 
 19
 Third, Tonelli argues that under 20 C.F.R. Secs. 725.309(c) and (d), his 1982 claim should have been merged automatically with his 1974 claim and subject to review under Part 727. These regulations provide in pertinent part:
 
 
 20
 (c) A claimant who filed a claim for benefits under Part B of title IV of the Act or Part C of title IV of the Act before March 1, 1978, and whose previous claim(s) are pending or have been finally denied, who files an additional claim under this part, shall have the later claim merged with any earlier claim subject to review under Part 727 of this subchapter. If an earlier claim subject to review under Part 727 of this subchapter has been denied after review, a new claim filed under this part shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification and the requirements of Sec. 725.310 are met. If an earlier survivor's claim subject to review under Part 727 of this subchapter has been denied, the new claim filed under this part shall also be denied unless the deputy commissioner determines that the later claim is a request for modification and the requirements of Sec. 725.310 are met.
 
 
 21
 (d) In the case of a claimant who files more than one claim for benefits under this part, the later claim shall be merged with the earlier claim for all purposes if the earlier claim is still pending. If the earlier miner's claim has been finally denied, the later claim shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification and the requirements of Sec. 725.310 are met. If an earlier survivor's claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the deputy commissioner determines that the later claim is a request for modification and the requirements of Sec. 725.310 are met.
 
 
 22
 The Department of Labor argues that merger under paragraph (c) only occurs when a claimant's pre-1978 claim has been reopened for review under Part 727 and a second claim is filed while the initial claim is pending. While we have struggled to make sense of the language in (c) and (d), we agree with the Department's approach. A superficial reading of section 725.309(c) appears to indicate that if a person filed a claim before 1978 and subsequently files another claim, his two claims merge and are reviewed under Part 727, regardless of whether the pre-1978 claim was denied. We agree with the Department that this interpretation cannot be correct as it would allow any claimant to resurrect a claim denied under Part 727 without having to show a material change in conditions or requesting a modification. Rather, we believe that merger is available only when a previously denied claim, reopened for review under Part 727, and a second claim are pending at the same time. Once a claim reviewed under Part 727 has been finally denied, even due to abandonment, see 20 C.F.R. Sec. 727.102(b)(5), it cannot be revived merely by filing a subsequent claim. See Spese v. Peabody Coal Co., 11 Black Lung Rep. (MB) 1-174 (Ben.Rev.Bd.1988) (merger does not occur unless prior claim is still subject to Part 727 review). This approach appears consistent with the goal of preventing simultaneous consideration of claims by both the Secretary of Labor and the Secretary of HEW. See H.R.Conf.Rep. No. 864, 95th Cong., 2d Sess. 15, 21-22, reprinted in 1978 U.S.Code Cong. & Admin.News 237, 308, 315.
 
 
 23
 In the present case, Tonelli abandoned his initial claim in 1979 by failing to respond to a request for more medical evidence. Thus, the 1974 claim and the 1982 claim were not pending at the same time and no merger occurred. Filing a claim in 1982 cannot rectify his failure to act in 1979. The BRB did not err by treating Tonelli's 1982 claim as a new claim and evaluating it under 20 C.F.R. Part 718.[6]
 
 CONCLUSION
 
 24
 We find that the BRB did not err in finding that Tonelli's 1974 claim had been abandoned, that Tonelli received adequate notice in 1979 that his claim had been denied, and that merger does not operate to resurrect that claim. The decision of the BRB is therefore affirmed.
 
 
 
 *
 This appeal was originally scheduled for oral argument in March 1988. It was removed from the calendar and held in abeyance at the request of Tonelli pending the United States Supreme Court's decision in Pittston Coal Group v. Sebben, 488 U.S. ----, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) as he was a named plaintiff in the Sebben class action
 
 
 **
 The HONORABLE GERALD W. HEANEY assumed senior status on December 31, 1988
 
 
 [1]
 The Act was originally enacted as Title IV of the Federal Coal Mine Health and Safety Act of 1969. Title IV was substantially amended by the Black Lung Benefits Reform Act of 1977 (the Reform Act), the Black Lung Benefits Revenue Act of 1977, and Public Law No. 97-119, 95 Stat. 1635 (1981). For simplicity, the statute is here referred to as the Black Lung Benefits Act, its current title as codified in the United States Code
 
 
 [2]
 The Reform Act, which provided for the automatic review of all pending and previously denied black lung claims filed with the Department, substantially liberalized the criteria for establishing an entitlement to benefits. See Newman v. Director, OWCP, 745 F.2d 1162, 1164 n. 2 (8th Cir.1984)
 
 
 [3]
 The criteria of 20 C.F.R. Part 718, promulgated in accordance with the 1977 and 1981 Amendments to the Black Lung Benefits Act, are applicable to all claims filed after March 31, 1980. 20 C.F.R. Sec. 718.2. The filing date of a claim determines which regulatory criteria apply to the claim. In the present case, if Tonelli's 1974 claim had been found to be pending in 1982, then the more liberal criteria of 20 C.F.R. Part 727 would have governed
 
 
 [4]
 Tonelli argues that the BRB should have considered a letter dated June 5, 1979, sent from the Department of Labor to Mercy Hospital authorizing the Technical Services Department to conduct medical testing of Tonelli. Tonelli asserts this letter provides evidence that he had not abandoned his 1974 claim. We believe the letter does not in any way contradict a finding of abandonment. Tonelli was notified on June 6, 1979, that he should seek out further medical evidence. He was informed again on July 10, 1979, that a failure to submit this evidence would result in a denial of his claim. Abandonment occurred after July 10, and any action taken to develop his claim prior to that time is irrelevant
 Tonelli also contends that the BRB erroneously placed the burden on him to prove that he had not abandoned his initial claim. We do not agree. The Department presented evidence that Tonelli received notice of his denial and failed to respond. Tonelli was unable to present any credible evidence to the contrary. We find no error here.
 
 
 [5]
 Tonelli asks this Court to assess the notification requirements of Sec. 725.410 in light of the recent Supreme Court decision in Pittston Coal Group v. Sebben, 488 U.S. ----, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988). He asserts that this case requires the Department of Labor to strictly adhere to the filing and service requirements under the Longshore and Harbor Workers' Compensation Act (the Longshore Act), 33 U.S.C. Sec. 919. Specifically, he argues that the July 10, 1979, letter was insufficient notice of denial because it was not in the form of an order, was not served by certified mail and was not filed in the deputy commissioner's office. We reject this argument. First, Sebben does not address the issue of whether the Department must strictly follow the procedures set out in the Longshore Act. Second, the Secretary of Labor has been given the authority to deviate from incorporated Longshore Act provisions. See Patton v. Director, OWCP, 763 F.2d 553, 559 (3d Cir.1985) (Congress gave Secretary power to refine Longshore Act provisions which have been incorporated into the Black Lung Benefits Act); U.S. Pipe and Foundry Co. v. Webb, 595 F.2d 264, 272-74 (5th Cir.1979) (despite 10-day notice requirement of Longshore Act, 33 U.S.C. Sec. 919(b), Secretary's regulation allowing for delayed notice in black lung cases upheld as within her regulatory authority to deviate from Longshore Act). Thus, the variance between notification of denial in 20 C.F.R. Sec. 725.410 and 33 U.S.C. Sec. 919 is permissible
 
 
 [6]
 Tonelli argues here for the first time that his 1982 claim actually constituted a request for a modification of the 1979 denial. He contends that the one-year time limit in 20 C.F.R. Sec. 725.310(a) is unfair because modifications of denials must be sought within a year of the date of denial whereas modifications of approved claims can be sought within a year of the last payment. Although it appears that Tonelli is asking us to invalidate the modification requirement, the cases he cites are inapplicable to this issue. As we see nothing "fundamentally unfair" in differentiating between modifications of denied and approved claims, we reject this argument