783 F.2d 138
 Helen HARDESTY, Petitioner,
v.
BENEFITS REVIEW BOARD OF the UNITED STATES DEPARTMENT OF
LABOR; Director, Office of Workers' Compensation
Programs; Peabody Coal Company; and
Old Republic Insurance
Company, Respondents.
 No. 85-2165.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 21, 1985.
Decided Feb. 5, 1986.
 
 Rowe W. Snider, Chicago, Ill., for petitioner.
 Before ROSS, McMILLIAN and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Helen Hardesty prosecuted her late husband's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 (as amended). An administrative law judge denied the claim, and the Benefits Review Board of the United States Department of Labor affirmed the ALJ's decision on July 29, 1985. On September 30, 1985, Mrs. Hardesty filed a petition with this court for review of the Board's order. Two of the respondents have filed a motion to dismiss the petition for lack of jurisdiction.
 
 
 2
 Under 33 U.S.C. Sec. 921(c), made applicable to the Black Lung Benefits Act by 30 U.S.C. Sec. 932(a) (as amended), final orders of the Benefits Review Board are reviewable "in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside" (emphasis added); the court obtains jurisdiction when the Board files its record of the proceedings with the court.
 
 
 3
 The record before us indicates that the alleged injury occurred in Indiana, which lies in the Seventh Circuit. "Section 921(c) has consistently been held to be a jurisdictional provision, not a venue provision." Hon v. Director, Office of Workers' Compensation Programs, 699 F.2d 441, 443 n. 1 (8th Cir.1983). See, e.g., Bassett v. Massman Construction Co., 120 F.2d 230, 234 (8th Cir.), cert. denied, 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520 (1941). This court therefore lacks jurisdiction, and transfer of the case to the Seventh Circuit does not appear to be "in the interest of justice" under 28 U.S.C. Sec. 1631 (1982), because the petition was untimely filed on the sixty-third day after the Board issued its order. A final order of the Benefits Review Board is not reviewable by a court of appeals unless the petition for review is filed within the sixty-day period provided in section 921(c). Pittston Stevedoring Corp. v. Dellaventura, 544 F.2d 35, 42-44 (2d Cir.1976), aff'd on other grounds sub nom. Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977).
 
 
 4
 Accordingly, the petition is dismissed for lack of jurisdiction. 8th Cir.R. 12(b).