Albert S. RICH, Petitioner-Appellant,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent-Appellee.

No. 86–7284.

United States Court of Appeals, Eleventh Circuit.

Aug. 14, 1986.

As Amended Sept. 2, 1986.

Redden, Mills & Clark, William N. Clark, Birmingham, Ala., for petitioner-appellant.

J. Michael O'Neill, Brian Peters, U.S. Dept. of Labor, Washington, D.C., for respondent-appellee.

Before HILL, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Albert Rich seeks review in this court of a final decision rendered by the Benefits Review Board, United States Department of Labor (Board) on February 19, 1986. The Board had affirmed an Administrative Law Judge's (ALJ) denial of Rich's claim for Black Lung Benefits.

■ This court received Rich's petition for review of the Board's action on April 22, 1986, sixty-two days after the Board issued its decision. The filing fee was tendered several days later on April 28, 1986. A petition to review a final determination of the Board must be filed in this court within sixty days. 33 U.S.C. § 921(c); 20 C.F.R. § 802.410(a). Rich's appeal is therefore untimely: his sixty day appeal period expired on April 20, 1986. Because April 20 fell on a Sunday, Rich had until Monday, April 21, 1986 to file a petition for review. Fed.R.App.Proc. 26(a).

■ Rich advances several arguments as to why the petition was timely or, alternatively, why the filing period should be expanded. None of these arguments have merit. First, he argues that the sixty day filing period should run either from the date his attorneys received the Board's determination or should be tolled altogether because Rich was never personally served with the Board's order. Federal regulations explicitly provide that the Board must file its decision with the Clerk of the Board and judicial review must be sought within sixty days of that filing. 20 C.F.R. §§ 802.403(b), 802.410(a). The date of filing is not affected by the date of service on Rich or his attorneys. *See Hardesty v.*

*Benefits Review Board,* 783 F.2d 138, 139 (8th Cir.1986); *Pittson Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 42–44 (2nd Cir.1976), *aff'd on other grounds sub nom. Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). Rich contends that analogous federal provisions governing appeals from ALJ decisions to the Board indicate that an ALJ's decision is not deemed as filed until issued and served on the parties. 33 U.S.C. § 921(a); 20 C.F.R. § 725.478; *see Patton v. Director, Office of Workers' Compensation Programs,* 763 F.2d 553, 558–59 (3rd Cir.1985); *Insurance Co. of North America v. Gee,* 702 F.2d 411, 413–14 (2nd Cir. 1983). *Patton* and *Gee* disagree as to whether the thirty day appeal period from an ALJ decision to the Board, pursuant to § 921(a), is triggered by service of the ALJ's decision on counsel or on the parties. Neither case disputes, however, that the commencement of the sixty day period for appeals from the Board to the Court of Appeals, pursuant to § 921(c), is not dependent on service of the Board's decision. *See Patton,* 763 F.2d at 559 n. 12 (distinguishing *Dellaventura* ); *Gee,* 702 F.2d at 413 n. 1 (commencing the sixty day period from the date the Board's order was filed). Accordingly, we follow *Dellaventura* and conclude that the sixty day appeal period began on February 19, 1986—the date the Board's decision was filed with the Clerk of the Board.

■ Rich next argues that the petition should have been regarded as filed on April 18, 1986—the date on which it was mailed to this court. This argument is foreclosed by Fed.R.App.Proc. 25(a) which provides that papers required to be filed in a court of appeals may be mailed to the court, but will not be regarded as filed until received. Federal R.App.Proc. 20, which exempts review of agency actions from certain rules of appellate procedure, does not exclude Rule 25(a). Accordingly, Rich's petition was deemed filed when it was received by this court.[1]

---

**1.** Because we conclude that Rich's petition was     not timely received in this court, we do not

■ Finally, Rich invokes equity and requests that we excuse the requirement of timely appeal. Other circuits have rejected similar requests for equitable relief from the strictures of § 921(a), *see Townsend v. Director, Office of Workers' Compensation Programs*, 743 F.2d 880, 881 (11th Cir.1984) (citing cases, but not deciding whether equitable tolling of filing period is available for appeal from an ALJ's decision to the Board).[2] As in *Townsend*, the facts in this case do not militate in favor of equitable relief. Rich's attorneys claim that they knew of the sixty day requirement and informed their client of the requirement shortly after they received the Board's decision.[3] They attempted to preserve Rich's appellate rights by mailing notice of their petition within the statutory period. Equity does not require us to excuse Rich or his attorneys from a burden of which they were aware.

We sympathize with Mr. Rich; he brought his case before the Board on May 23, 1983 and waited nearly three years for the Board's decision. Now he has lost his right to challenge the Board's decision in this court because his notice of appeal was filed one day beyond the statutory period. The Board's indolence, however, does not excuse Rich's lack of diligence. At first blush this case is reminiscent of Charles Dickens' *Bleak House* in which, more than one hundred years ago, Dickens vividly portrayed the mischief done by abuse of the common law forms of civil procedure. Our strict adherence to jurisdictional requirements, however, addresses the very abuse Dickens so vividly portrayed: litigation may not drag on indefinitely. Where a final decision has been rendered and an appeal not taken within a clearly defined statutory period, the prevailing party ordinarily is entitled to regard a tribunal's decision as the last word. Rich has not convinced us that his untimely filing is excusable; the respondent, therefore, was entitled to regard this case as definitively ended.

Accordingly, the petition for review is DISMISSED.

---

reach respondent's second jurisdictional challenge that Rich's petition could not be deemed filed until the clerk received the filing fee on April 28, 1986.

**2.** As in *Townsend*, we do not decide that equitable tolling may never relieve a petitioner of the time limits established by § 921(c). In other contexts courts have invoked equity where a mechanistic adherence to filing requirements would work a serious injustice. *See Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) (delay in filing criminal appeal excused where appellant "did all he could under the circumstances" to timely file); *see also* Advisory Committee Notes to Appellate Rules 3 & 4 (literal compliance with rules excused "where it cannot fairly be exacted").

**3.** In this case, the record does not show whether the Board's final order was accompanied by an accurate notice that a petition for review must be filed in the court of appeals within sixty days. Because the attorney in this case actually knew of the sixty day requirement, we need not address whether a failure on the part of the Board to include this notice would constitute grounds under *Fallen* for equitable tolling, at least in the case of an uncounseled claimant. It should be clear, however, that equity and good practice place upon the Board an obligation to include such notice.