811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny LOVELY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Benefits Review
Board, Respondents.
 No. 86-3647.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of respondents' motion to dismiss for lack of jurisdiction. This motion is unopposed.
 
 
 2
 Rule 15(a), Federal Rules of Appellate Procedure, provides for review of an administrative agency's order within the time prescribed by the applicable administrative law. The provisions for appeal from a decision in a case arising under the Black Lung Benefits Act, 30 U.S.C. Sec. 932(a), are set forth in the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. Sec. 921(c). Section 921(c) provides in relevant part that any person adversely affected by a final order of the Benefits Review Board may obtain review of that order within 60 days in the appropriate United States Court of Appeals. Rule 26(b), Federal Rules of Appellate Procedure, prohibits a Court of Appeals from enlarging the time for appeal from an administrative agency except as specifically authorized by law. Further, the doctrine of excusable neglect, available under Federal Rules of Appellate Procedure Rule 4(a)(5) in untimely appeals from the district court, is not statutorily permitted in black lung cases. Blevins v. Director, Office of Workers' Compensation, 683 F.2d 139, 142 (6th Cir.1982).
 
 
 3
 In this case, the Benefits Review Board filed its decision and order May 2, 1986. The petitioner did not file his "petition for review" in the United States Court of Appeals until July 8, 1986. The petitioner therefore filed this document seven days too late. Since the petitioner's petition for review was untimely filed, this Court is without jurisdiction to entertain the appeal. Clay v. Director, Office of Workers' Compensation Programs, United States Department of Labor, 748 F.2d 501 (8th Cir.1984); see also Hardesty v. Benefits Review Board of United States Department of Labor, 783 F.2d 138 (8th Cir.1986).
 
 
 4
 Accordingly, it is ORDERED that the motion to dismiss be granted and the petition for review of the order of the Benefits Review Board be and hereby is dismissed for lack of jurisdiction.