861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve HALCOMB, Petitioner, Cross-Respondent,
v.
SOUTH EAST COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents,
South East Coal Company, Respondent, Cross-Petitioner.
 Nos. 87-3062, 87-3168.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1988.
Rehearing Denied, Opinion Amended Jan. 26, 1989.
 
 Before ENGEL, DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Steve Halcomb appeals the decision of the Benefits Review Board ("Board") denying his application for Black Lung Disability Benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. (1986). We reverse.
 
 I.
 
 2
 Petitioner originally filed his claim on October 26, 1978. A hearing on his claim was held on June 13, 1983 before an Administrative Law Judge ("ALJ"). The ALJ subsequently issued an opinion denying petitioner's claim. The ALJ found that petitioner had a minimum of ten years of qualifying coal employment and was no longer employed in the coal mines.
 
 
 3
 Medical evidence in the record consisted of the opinions of some eight physicians. While their findings were not in complete agreement, the consensus was that petitioner had at least a mild case of pneumoconiosis, chronic obstructive pulmonary disease, exogenous obesity, hypertensive cardiovascular disease, and anxiety. One physician, Dr. Schneider, concluded that petitioner was totally disabled as a result of his pulmonary disease. Several other physicians concluded that petitioner was not disabled as a result of his pulmonary disease, but that the cumulative affect of his other medical problems disabled him. One physician, Dr. Marshall, concluded that petitioner was not disabled at all; however, he apparently based this conclusion solely on an examination of an x-ray of petitioner's lungs.
 
 
 4
 Based upon the medical evidence, the ALJ concluded that the interim presumption of disability due to pneumoconiosis was invoked pursuant to 20 C.F.R. Sec. 727.203(a) (1988). The ALJ found that the weight of the pulmonary function evidence in the medical record supported invocation of the interim presumption under subsection (a)(2). He also found that Dr. Schneider's opinion justified invoking the presumption under subsection (a)(4) which provides that other medical evidence of pneumoconiosis may establish the presumption.
 
 
 5
 With the invocation of the interim presumption of disability due to pneumoconiosis, the burden of persuasion shifted to the coal mine employer. The ALJ found that the employer carried its burden and rebutted the interim presumption under subsection (b)(2) of Sec. 727.203. Subsection (b) provides in relevant part:
 
 
 6
 The presumption in paragraph (a) of this section shall be rebutted if:
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 10
 The ALJ explained that " '[u]nder this provision, a party can rebut the presumption through evidence proving that the only impairment which can cause compensable disability (i.e., a respiratory or pulmonary impairment) is either nonexistent or not totally disabling.' " Applying this standard, the ALJ concluded that only Dr. Schneider had found that petitioner's pulmonary condition was totally disabling. The ALJ rejected Dr. Schneider's opinion and found instead that the weight of the medical evidence established "substantial evidence that Claimant does have the respiratory capacity to perform his usual coal mine employment or comparable employment sufficient to rebut the presumption...." The ALJ therefore denied petitioner's application for benefits. The Benefits Review Board subsequently affirmed the decision of the ALJ and this appeal followed.
 
 II.
 
 11
 Subsequent to the ALJ's decision in this case, this court rejected his interpretation of subsection (b)(2) of Sec. 727.203. In York v. Benefits Review Board, 819 F.2d 134, 137 (6th Cir.1987), we stated:
 
 
 12
 Under (b)(2), the director must prove that "in light of all relevant evidence ... the individual is able to do his usual coal mine work or comparable and gainful work...." The ALJ erred in finding the director had rebutted York's entitlement to benefits merely by proving that York was not totally disabled by his respiratory impairment. York's total disability included his back problems, bronchitis and other physical impairments.... In concluding that the presumption of total disability was rebutted, the ALJ depended upon the pulmonary function tests, blood gas studies, and Dr. Hudson's determination that York was not totally disabled solely by his respiratory impairment. But this evidence does not prove that York is able to do his usual coal mine work or comparable work. Therefore, the director has not rebutted York's presumptive entitlement to benefits under (b)(2)....
 
 
 13
 (emphasis in original).
 
 
 14
 In this case, the ALJ's conclusion that petitioner was not disabled was based upon medical evidence indicating that he was not disabled as a result of his pulmonary disease. The ALJ did not determine whether petitioner was nevertheless disabled as a result of the cumulative effect of pneumoconiosis, chronic obstructive pulmonary disease, exogenous obesity, hypertensive cardiovascular disease, and anxiety, all medical conditions from which the record indicates petitioner suffered. The ALJ therefore incorrectly concluded that the employer had rebutted the interim presumption under subsection (b)(2).
 
 III.
 
 15
 The employer has filed a cross-appeal of the Board's decision affirming the ALJ's invocation of the interim presumption under Sec. 727.203(a). The Director of the Office of Workers' Compensation Programs has filed a motion seeking dismissal of the employers' cross-appeal on the ground that this court lacks jurisdiction. He bases this motion on the fact that the employer did not file his cross-appeal within the required sixty days of the final decision of the Board.
 
 
 16
 Review of Board decisions in this court is governed by Sec. 21(c) of the Long Shore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921(c) (1986), incorporated by reference in Sec. 422(a) of the Black Lung Benefits Act, 30 U.S.C. Sec. 932(a) (1986). Section 21(c) provides in relevant part:
 
 
 17
 Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.... Upon such filing, the court shall have jurisdiction of the proceeding....
 
 
 18
 (emphasis added).
 
 
 19
 Although the Sixth Circuit has not directly addressed the point, the decisions of several other courts of appeals make clear that the sixty-day requirement is to be strictly construed as a jurisdictional limit upon the court of appeals. Butcher v. Big Mountain Coal, Inc., 802 F.2d 1506, 1507-08 (4th Cir.1986); Rich v. Director, OWCP, 798 F.2d 432, 433-34 (11th Cir.1986); Hardesty v. Benefits Review Board, 783 F.2d 138, 139 (8th Cir.1986); Pittson Stevedoring Corp. v. Dellaventura, 544 F.2d 35, 43-44 (2d Cir.1976), aff'd on other grounds sub nom., Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249 (1977).
 
 
 20
 The employer argues that the sixty-day filing requirement should not be applied in this case because the pro se petitioner failed to name employer as a respondent in his notice of appeal. As a result, the employer did not receive notice that petitioner was pursuing an appeal in this court. The employer relies heavily on Fed.R.App.P. 2 which allows the court to suspend any of the requirements of the Federal Rules of Appellate Procedure in the interest of expediting decision or for other good cause shown.
 
 
 21
 Although the employer has presented a compelling argument for excusing its lateness in filing its cross-appeal under the Federal Rules of Appellate Procedure, his argument does not overcome the strict jurisdictional requirements of Sec. 21(c). As the court in Dellaventura stated:
 
 
 22
 We see no reason not to read 33 U.S.C. Sec. 921(c) as meaning what it says. The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it. The Act, like many other administrative review statutes, does not seem even to encompass the "excusable neglect" escape hatch provided for untimely appeals from the district courts.
 
 
 23
 544 F.2d at 44 (citations omitted); see also, Blevins v. Director, OWCP, 683 F.2d 139, 142 (6th Cir.1982) (quoting same language in support of holding that Board does not have jurisdiction to consider an untimely appeal of an ALJ's decision).
 
 
 24
 We hold that this court does not have jurisdiction to entertain the employer's cross-appeal. It must therefore be dismissed.
 
 IV.
 
 25
 The Board's decision denying benefits is REVERSED, and the case is REMANDED to the Board for proceedings not inconsistent with this opinion, which may include remand to the Administrative Law Judge for a determination whether the presumption in 20 C.F.R. Sec. 727.203(3) has been rebutted under 20 C.F.R. Sec. 727.203(b)(3) or (b)(4). The employer's cross-appeal is dismissed.