816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard ENTMAN, Petitioner-Appellant,
v.
Donald D. ENGEN, Administrator, Federal Aviation
Administration, Defendant-Appellee.
 No. 86-3512.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1987.
 
 F.A.A.
 AFFIRMED.
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not necessary. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 2
 Petitioner, on November 18, 1985, received an order of the Federal Aviation Administration (FAA) revoking his repair station certificate for violation of Sec. 145.55 of the Federal Aviation Regulations. This order was appealed to the Office of the Administrative Law Judge by petitioner on December 5, 1985. The FAA in response refiled the order as its complaint against petitioner. Petitioner subsequently was contacted in writing by the National Transportation Safety Board (Board) and advised that under the Board's rules of practice that he must file an answer within twenty days of the filing of the complaint. A copy of the Board's rules was included with the letter. Petitioner filed a timely answer admitting the material allegations of the complaint.
 
 
 3
 Based on petitioner's admissions, the FAA moved for judgment on the pleadings citing Sec. 821.17(b) of the Board's rules. Judgment on the pleadings was granted by the law judge in an order entered and served February 21, 1986. On March 4, 1986, one day beyond the ten day time limit for filing, petitioner filed a notice of appeal.
 
 
 4
 Due to the untimely nature of the notice, the FAA moved to dismiss the appeal. On May 12, 1986, petitioner's appeal was ordered dismissed by the Board due to the filing of the untimely notice of appeal.
 
 
 5
 We affirm the May 12, 1986, order of the Board dismissing petitioner's appeal. Our review of the Board's order is controlled by 49 U.S.C. Sec. 1903(d). Review under that section is conducted in accordance with 5 U.S.C. Sec. 706. That section empowers the Court to set aside agency actions which are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 706(2)(A).
 
 
 6
 The Board's appeal procedures have recently been held by this Court to plainly serve a rational purpose. Brown v. National Trans. Safety Board, 795 F.2d 576, 578 (6th Cir. 1986). Accordingly, they are not unreasonable so as to violate 5 U.S.C. Sec. 706. As petitioner by his failure to abide by 49 C.F.R. Sec. 821.47 failed to follow those procedures, his appeal was properly dismissed. Given petitioner's untimely notice, the Board lacked jurisdiction to entertain his appeal. See Wellman v. Director, Office of Worker's Compensation Program, 706 F.2d 191, 193 (6th Cir. 1983). Petitioner's latest argument that he was. entitled to an evidentiary hearing before the administrative law judge cannot now be considered on appeal given petitioner's failure to raise the issue before the agency. See Blevins v. Director, Office of Workers' Compensation Program, 683 F.2d 139, 143 (6th Cir. 1982).
 
 
 7
 Accordingly, the May 12, 1986 order dismissing petitioner's appeal is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.