Avery C. **BENNETT**, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR**, Respondent.

No. 81–1676.

United States Court of Appeals,
Seventh Circuit.

Argued May 27, 1983.

Decided Sept. 26, 1983.

---

Harold B. Culley, Jr., West Frankfort, Ill., for petitioner.

J. Michael O'Neill, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before WOOD and ESCHBACH, Circuit Judges, and GORDON, Senior District Judge.*

MYRON L. GORDON, Senior District Judge.

The petitioner seeks review of a decision of the United States Department of Labor Benefits Review Board (BRB) dismissing as untimely his appeal from the decision of a Labor Department Administrative Law Judge (ALJ). The latter denied benefits sought by Mr. Bennett under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. This court has jurisdiction pursuant to 30 U.S.C. § 932(a) and 33 U.S.C. § 921(c). For the reasons set forth below, we affirm the decision of the BRB.

I.

The relevant procedural history of this case is not in dispute. Review of the petitioner's claim for federal black lung benefits culminated in a formal hearing before

ALJ Stewart A. Levin on December 3, 1979. On March 24, 1980, the ALJ issued his decision and order denying benefits. As required by 20 C.F.R. § 725.478, he served the decision on the petitioner and his counsel on the same date. The ALJ's decision did not contain any notice of the appeal rights specified in 20 C.F.R. § 725.481.

On October 10, 1980, the petitioner's newly retained counsel filed with the BRB a notice of appeal from the ALJ's decision. On February 27, 1981, the BRB issued its order dismissing the petitioner's appeal as having been untimely filed under 20 C.F.R. § 802.205.

II.

In enacting the Black Lung Benefits Act, Congress adopted the hearing and appeal procedures of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). 33 U.S.C. §§ 919, 921, as incorporated by 30 U.S.C. § 932(a). Section 21(a) of the LHWCA provides:

(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

The thirty-day limitation on appeals of compensation orders established by this statutory provision is echoed in the regulations applicable to black lung claims issued by the Secretary of Labor. Under 20 C.F.R. § 725.479, an ALJ's decision and order becomes final thirty days after it is filed in the office of the deputy commissioner unless proceedings to suspend or set aside the order are instituted within that time period. According to 20 C.F.R. § 725.-478, a decision of an ALJ is "considered to be filed in the office of the deputy commissioner" on the date it is issued and served on the parties. Under these regulations,

* The Honorable Myron L. Gordon, Senior District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

the petitioner had thirty days after he was served with ALJ Levin's decision and order on March 24, 1980, in which to appeal the decision to the BRB. Since the petitioner's notice of appeal was not filed until October 10, 1980, it was clearly untimely.

The same conclusion is compelled by examination of the regulations issued by the Secretary of Labor as the Rules of Practice and Procedure of the Benefits Review Board, 20 C.F.R. Part 802. The applicable regulation is 20 C.F.R. § 802.205(a), which provides that a notice of appeal must be filed with the BRB within thirty days from the date the ALJ's decision is filed in the office of the deputy commissioner.

The consequences of failure to file a timely appeal are recited in § 802.205(c):

(c) Failure to file within the period specified in paragraph (a) or (b) of this section (whichever is applicable) shall foreclose all rights to review by the Board with respect to the case or matter in question. Any untimely appeal will be summarily dismissed by the Board for lack of jurisdiction.

The petitioner acknowledges that he failed to comply with the statutory and regulatory time limits for filing his notice of appeal with the BRB. However, he argues that his failure should be excused because the ALJ did not include a notice of appeal rights in his decision, and the petitioner therefore was not personally made aware of the applicable time limits.

In his brief on appeal to this court, the petitioner argued that inclusion of a notice of appeal rights in the ALJ's decision is mandated by 20 C.F.R. § 725.481. However, the petitioner's counsel abandoned this contention at oral argument since the regulation cited is devoid of any language that explicitly or implicitly imposes such a requirement. Furthermore, 20 C.F.R. § 725.-477(b), which prescribes the required contents of an ALJ's ruling, contains no mention of a notice of appeal rights. The latter regulation states:

(b) A decision and order shall contain a statement of the basis of the order, the names of the parties, findings of fact, conclusions of law, and an award, rejection or other appropriate paragraph containing the action of the administrative law judge, his or her signature and the date of issuance. A decision and order shall be based upon the record made before the administrative law judge.

Although this regulation does not require the ALJ's decision to include a notice of appeal rights, the petitioner argues that such a notice *should* be included, based on general principles of fairness. He points out that black lung claimants commonly have little education and cannot reasonably be expected to be aware of the contents of either the Federal Register or the Code of Federal Regulations. He also argues that such claimants often will be proceeding pro se on appeal to the BRB, because attorney's fees are reimbursed only if the appeal is successful. *See* 20 C.F.R. § 802.203.

We recognize that it may be difficult for an unrepresented black lung claimant to understand his appeal rights. However, the petitioner has cited no authority, and we have found none, that would permit the time limits for appeal to the BRB to be waived in cases like the one at bar.

It has long been established that publication of regulations in the Federal Register has the legal effect of constructive notice of their contents to all who are affected thereby. 44 U.S.C. § 1507; *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947); *Diamond Ring Ranch, Inc. v. Morton,* 531 F.2d 1397, 1405 (10th Cir.1976). The United States Supreme Court has stated that such regulations are binding "regardless of actual knowledge of what is in the Regulations or of the hardship resulting from ignorant innocence." *Merrill,* 332 U.S. at 385, 68 S.Ct. at 3.

No contention has been made that the regulations are unclear in their statement of the time limitations for an appeal to the BRB. The petitioner and his attorney had constructive notice of the regulations by virtue of their publication in the Federal Register and Code of Federal Regulations.

Under these circumstances, requiring the petitioner to comply with the time limits set out in the regulations does not violate principles of due process.

The statutory scheme which the regulations in question were designed to implement likewise offers no solace to the petitioner. While the petitioner may argue that his failure to file a timely notice of appeal was "excusable neglect," it is clear that this ground for extending the time limits for an appeal does not apply in the case of administrative proceedings governed by 33 U.S.C. § 921. *See Blevins v. Director, Office of Workers' Compensation Programs,* 683 F.2d 139 (6th Cir.1982); *Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35 (2d Cir.1976), *aff'd sub nom., Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). *Cf. Insurance Co. of North America v. Gee,* 702 F.2d 411 (2d Cir.1983).

The petitioner concedes that he failed to file his notice of appeal to the BRB within the applicable time limits. No constitutional, statutory, or other authority supports the enlargement of those time limits. The BRB was therefore correct in its conclusion that it was without jurisdiction to hear the petitioner's appeal.

Although we affirm the BRB, we take this opportunity to note that the need for lawsuits such as this one might be obviated, and fairness to uneducated or unrepresented claimants would be better served, if administrative law judges routinely included a notice of the right to appeal in their decisions. At oral argument, counsel for the Director, Office of Workers' Compensation Programs, noted that this was in fact the practice until several years ago. We believe that it would be wise to revive this practice.

For the foregoing reasons, the decision of the Benefits Review Board is affirmed.