**TRENT COAL, INC. and State Workmen's Insurance Fund, Petitioners,**

v.

**William F. DAY and Director, Office of Workers' Compensation Programs, Respondents.**

**No. 83–3461.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 8, 1984.

Decided July 3, 1984.

As Amended Aug. 23, 1984.

John W. Jordan, IV, Edward A. McFarland, Grigsby, Gaca & Davies, P.C., Pittsburgh, Pa. for petitioners.

Francis X. Lilly, Deputy Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Washington, D.C., for Appellate Litigation.

Christopher J. Heffernan, J. Michael O'Neill, U.S. Dept. of Labor, Washington, D.C., for the Director, Office of Workers' Compensation Programs.

Before WEIS and BECKER, Circuit Judges, and ACKERMAN, District Judge.*

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Benefits Review Board rejected as untimely an employer's appeal from an ALJ's award of Black Lung benefits. Interpreting a regulation promulgated by the Secretary of Labor, the Board determined that the appeal period began to run on the day the ALJ issued his order, rather than when it was filed with the deputy commissioner. Finding the Board's construction of the regulation in conflict with the statute, we reverse and direct reinstatement of the appeal.

The ALJ issued his decision awarding benefits on April 11, 1983. On that same day he sent a copy of his order and decision to the deputy commissioner's office which received the documents on April 13, 1983. On May 12, 1983, the employer filed its appeal from the ALJ's order.

The Board concluded that it had no jurisdiction because the "appeal was not timely filed within thirty days of the date in which the administrative law judge's Decision and Order was issued." On the employer's motion for reconsideration, one of the Board members dissented and would have reinstated the appeal.

At issue in this court is section 422(h) of the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, which incorporates the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, governing appeals from ALJs. Section 21 of the Longshoremen's Act provides that a compensation order "shall become effective when filed in the office of the deputy commissioner ... and unless proceedings [are taken] for the ... setting aside of such order ... [it] shall become final at the expiration of the thirtieth day thereafter." 33 U.S.C. § 921(a).

With the increasing volume of Black Lung claims, the Secretary found that for administrative purposes it was desirable to file the original record in those cases with the Division of Coal Mine Workers Compensation rather than the deputy commissioner. To that end, a new "housekeeping" regulation was promulgated. It provided that the ALJ was to serve the decision and order on all parties by mail, and

> "On the same date, the original record of the claim shall be returned to the [Division of Coal Mine Workers Compensation] in Washington, D.C. and the decision and order shall be considered to be filed in the Office of the Deputy Commissioner. Immediately upon receipt of a decision and order awarding benefits, the deputy commissioner shall compute the amount of benefits due."

20 C.F.R. § 725.478 (1980).

Although the statute unambiguously provides that the appeal period begins to run when the order is filed with the deputy commissioner, the regulation is less precise. It is apparent that the deputy commissioner was to continue to receive the decision and order as before but that the original record was to be sent to Washington. The Board seemingly read the regulation to mean that the decision and order were deemed to be filed with the deputy commissioner "on the same date" the record was returned to Washington.

The Board's interpretation is patently inconsistent not only with the statute but with another regulation as well. That regulation provides:

> "A decision and order shall become effective when filed in the office of the deputy commissioner (see § 725.478) and unless proceedings for suspension or setting aside of such order are instituted within 30 days of such filing, the order shall be final at the expiration of the thirtieth day after such filing."

20 C.F.R. § 725.479(a). This regulation tracks the statutory language and clearly grants the aggrieved party thirty days af-

---

* Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

ter "filing" with the deputy commissioner to perfect an appeal.[1]

The statute contains no definition of the word "filing" and consequently we will use its customary and generally understood meaning. "A paper is filed when it is delivered to the proper official and by him received and filed." *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916). *See also Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 902 (2d Cir.1980); 6A J. Moore, MOORE'S FEDERAL PRACTICE 58.02 at 58–57 (1983).

The statute grants the aggrieved party a definite period of time within which to appeal. The Board's construction of the Secretary's regulation shortens that period and to that extent deprives litigants of a right that Congress enacted. The Board has no power to nullify a statutory provision. *Miller v. United States,* 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977 (1935).

The regulation must be construed so as to conform to the statute. That is easily done here by reading the regulation to describe the place where the original record is to be lodged. The decision and order, however, still must be filed with the commissioner. The regulation thus identifies where the record must be sent rather than when an ALJ's decision and order are considered filed.

The Board erred in its interpretation and, therefore, its order will be reversed. The time for filing an appeal begins on the date that the decision and order are filed with the deputy commissioner and not earlier. In this case the decision and order were "filed" on April 13 and petitioner brought a timely appeal. The petition for review will be granted, and the Board will be directed to reinstate the petitioner's appeal.

1. We note also that in Title 20 of the Code of Federal Regulations applicable to the Benefits Review Board, under the heading "Notice of Appeal" appears the following:
"§ 802.205 Time for filing.
(a) A notice of appeal, other than a cross-appeal or a protective appeal, must be filed within 30 days from the date upon which a decision or order has been filed in the office of

the deputy commissioner pursuant to section 19(e) of the LHWCA or in such other office as may be established in the future (see §§ 702.349 and 725.478 of this title.)"
There is little doubt that a litigant reading this regulation would believe that he has 30 days from the date the ALJ's order is filed with the deputy commissioner within which to take an appeal.