John GRIMMETT, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 86-7454.

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1987.

Ronald G. Ray, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before FAY and KRAVITCH, Circuit Judges, and ALLGOOD*, Senior District Judge.

PER CURIAM:

This is an appeal from an order of the Benefits Review Board ("BRB") dismissing petitioner's appeal. The BRB held that since petitioner had not filed his appeal within thirty days of the Administrative Law Judge's ("ALJ's") decision and order, petitioner's appeal was untimely. For the reasons that follow, we reverse.

FACTS

This case arose upon the filing of an application for benefits under the Black Lung Benefits Act, 30 U.S.C. 901 *et seq.* (1982) ("Act") by petitioner, John Grimmett, on May 2, 1977. The application was administratively approved by the Department of Labor on October 20, 1979, and the United States Steel Corporation ("USSC") was named as the employer potentially liable for the payment of benefits under the Act.

The USSC controverted the claim and requested a hearing before the ALJ. On May 1, 1980, a formal hearing was held in Birmingham, Alabama. The ALJ issued a decision and order granting petitioner's claim for benefits. USSC appealed the decision of the ALJ to the BRB, who vacated the ALJ's award of benefits to the petitioner and remanded the case back to the ALJ to reconsider the medical evidence pursuant to 20 C.F.R. § 727.203(b)(2) (1986). Section 727.203(b) generally establishes a rebuttable interim presumption that a coal miner who has engaged in coal mine employment for at least ten years will be

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

presumed to be totally disabled due to pneumoconiosis[1] if *inter alia* blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood. § 727.-203(a)(3); *Stomps v. Director, Office of Workers' Compensation Programs*, 816 F.2d 1533, 1535 (11th Cir.1987). Section 727.203(b)(2), however, provides for the rebuttal of the presumption that such a coal miner is totally disabled if it is established by all relevant medical evidence that "the individual is able to do his usual coal mine work or comparable and gainful work." *Id.; Taft v. Alabama By-Products Corp.*, 733 F.2d 1518, 1521 (11th Cir.1984); *Alabama By-Products Corp. v. Killingsworth*, 733 F.2d 1511, 1515 (11th Cir.1984).

The ALJ on remand considered the deposition of Dr. Ben V. Branscomb, who stated that petitioner suffered no functional impairment and that petitioner was physically capable of coal mining work. The ALJ determined that based upon this evidence petitioner was not entitled to the payment of benefits under the Act.[2] This decision of the ALJ, rejecting petitioner's claim for benefits, was issued on June 14, 1985. However, a few sentences of the ALJ's June 14th order were omitted. This omission concerned the ALJ's explanation of why the medical evidence used in the reconsideration of the case rebutted the interim presumption set forth in § 727.203.

To correct this omission, the ALJ, on June 20, 1985, on his own motion, issued an amended decision and order which included the ALJ's discussion of the medical evidence and the subsequent rebuttal of the presumption set forth in § 727.203. Both the June 14th and June 20th decision and order rejected petitioner's claim for benefits.

Petitioner appealed to the BRB on July 18, 1985. This appeal was post-marked July 19, 1985. The BRB dismissed petitioner's appeal for lack of jurisdiction on November 29, 1985. The BRB ruled that because petitioner's appeal was not received until July 22, 1985, more than 30 days after the ALJ's June 14, 1985 decision, petitioner's appeal was untimely. Petitioner then filed a motion for reconsideration, which was denied by the BRB on May 2, 1986. The BRB ruled that the ALJ's amended decision and order of June 20, 1985, was issued merely to correct a clerical error and that the 30 day appeal period was properly measured from the date of the ALJ's June 14, 1985 order. Petitioner then filed an appeal to this court.

## DISCUSSION

Congress, in enacting the Black Lung Benefits Act, adopted the hearing and appeal procedures of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"). 33 U.S.C. §§ 919, 921, as incorporated by 30 U.S.C. § 932(a); *Patton v. Director, Office of Workers' Compensation·Programs*, 763 F.2d 553, 556 (3rd Cir. 1985); *Townsend v. Director, Office of Workers' Compensation Programs*, 743 F.2d 880, 880 n. 1 (11th Cir.1984); *Bennett v. Director, Office of Workers' Compensation Programs*, 717 F.2d 1167, 1168 (7th Cir.1983). Section 921(a) of the LHWCA provides:

(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

A similar thirty day limitation on appeals of compensation orders is contained in the

---

**1.** Pneumoconiosis is defined as "a chronic dust disease of the lung and its sequelea, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. § 902(b); 20 C.F.R. § 718.201; *Stomps v. Director, Office of Workers' Compensation Programs*, 816 F.2d 1533, 1535 (11th Cir.1987).

**2.** The record reflects that the ALJ's decision to reject petitioner's claim for benefits was also based upon a 1977 medical report from a Dr. Goldstein who stated that petitioner was "only limited by heavy work." Additionally, the ALJ noted that the record contained lay testimony from Mr. Jimmy Aldrich, section foreman, to the effect that petitioner had performed his coal mine employment without complaining of physical problems.

regulations applicable to black lung claims set forth by the Secretary of Labor under 20 C.F.R. § 725.479. § 725.479 provides that a decision and order of the ALJ becomes final thirty days after it is filed in the office of the deputy commissioner unless proceedings to suspend or set aside the order are brought within that time period. *Bennett,* 717 F.2d at 1168. Similarly 20 C.F.R. § 802.205(a) provides that a notice of appeal must be filed within thirty days from the date upon which a decision or order has been filed in the office of the deputy commissioner. According to these regulations, petitioner had thirty days within which to file his appeal.[3]

As noted, the BRB held that petitioner's appeal was untimely since it was not filed within thirty days after the issuance of the ALJ's June 14, 1985 order. The BRB ruled that the ALJ's June 20, 1985 order was

issued merely to correct a clerical error and that the thirty day appeal period was therefore measured from the date of the June 14, 1985 decision. At the outset, we note that this issue appears to be one of first impression. The briefs submitted by the parties do not contain a Circuit Court of Appeals decision concerning this issue and our research confirms a lack of federal authority.

The BRB based its decision solely on *Graham-Stevenson v. Frigitemp Marine Division,* 13 Ben.Rev.Bd.Serv. 558 (1981). In *Graham-Stevenson,* the ALJ on October 10, 1979 in a supplemental decision and order made a determination of a miner's wage earning capacity pursuant to the LHWCA, however, the ALJ neglected to multiply the dollar amount of the miner's weekly compensation rate by 66⅔ percent as required by 33 U.S.C. § 908(c)(21). On October 23, 1979, the ALJ *sua sponte* is-

---

3. We note that federal courts disagree as to the event triggering the thirty day appeal period. As noted, 33 U.S.C. § 921(a) provides that a compensation order "shall become effective when filed in the office of the duty commissioner ... and, unless proceedings for the suspension or setting aside of such order are instituted ... [it] shall become final at the expiration of the thirtieth day thereafter." 20 C.F.R. § 725.-479(a) provides:

> A decision and order shall become effective when filed in the office of the deputy commissioner (see § 725.478) and unless proceedings for suspension or setting aside of such order are instituted within 30 days of such filing, the order shall be final at the expiration of the thirtieth day after such filing.

Another regulation, 20 C.F.R. § 802.205, similarly provides:

> A notice of appeal, other than a cross-appeal or a protective appeal, must be filed within 30 days from the date upon which a decision or order has been filed in the office of the deputy commissioner pursuant to section 19(e) of the LHWCA or in such other office as may be established in the future (see §§ 702.349 and 725.478 of this title).

Obviously, these two regulations are consistent with the statute, that is, that the event triggering the thirty day appeal period is the date the decision or order is filed in the office of the deputy commissioner. To the contrary, however, 20 C.F.R. § 725.478 provides:

> On the date of issuance of a decision and order under § 725.477, the administrative law judge shall serve the decision and order on all parties to the claim by certified mail. On the same date, the original record of the claim

shall be returned to the DCMWC in Washington, D.C., and the decision and order shall be considered to be filed in the office of the deputy commissioner.

In *Trent Coal, Inc. v. Day, Director, Office of Workers' Compensation Programs,* 739 F.2d 116 (3rd Cir.1984), the Third Circuit held that the thirty day appeal period was triggered when the office of the deputy commissioner received the decision and order. *Id.* at 118. However, the Sixth Circuit in *Blevins v. Director, Office of Workers' Compensation,* 683 F.2d 139 (6th Cir. 1982), held that the thirty day appeal period begins to run on the same date the ALJ issues the opinion. *Id.,* at 140–41. We need not decide this issue, however, because since petitioner in this case has filed his appeal within thirty days of the issuance of the ALJ's June 20, 1985 amended decision and order petitioner would necessarily meet the appeal period deadline under either possible triggering event. As noted by the BRB in its Order of November 29, 1985:

> The Notice of Appeal, dated July 18, 1985 and postmarked July 19, 1985 was received by the Board on July 22, 1985. Although Section 802.206(a) of the aforementioned rules provides that a Notice of Appeal is considered filed as of the date it is received in the office of the Clerk of the Board, Section 802.206(b) provided that if the Notice of Appeal is sent by mail and the fixing of the date of delivery as the date of filing would result in a loss or impairment of appeal rights, the appeal will be considered to have been filed as of the date of mailing. 20 C.F.R. § 802.206. Moreover, the date appearing on the postmark, when available and legible, shall be *prima facie* evidence of the date of mailing.

sued an amended supplemental decision and order for the sole purpose of correcting the error in calculating the award. On November 13, 1979, the miner filed a notice of appeal. The BRB in *Graham-Stevenson* held that the ALJ's failure to multiply the miner's compensation rate by 66⅔ percent constituted an "oversight" or "omission" within the meaning of Fed.R.Civ.Pro. 60(a).[4] In this case the BRB similarly characterized the ALJ's omission as a mere clerical error. Rule 60(a) permits the correction of clerical errors but does not suspend the appeals period. *See Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1231–32 (11th Cir.1984); *Albers v. Gant*, 435 F.2d 146, 147–48 (5th Cir.1970).[5] Thus, the BRB held that the date triggering the miner's right to appeal was October 10, rather than October 23, the date of the amended supplemental decision. We acknowledge *Graham-Stevenson*, however, it is not persuasive precedent for this case because we do not deem the partial omission of an ALJ's explanation of a rebuttal of the interim presumption to be merely a clerical error.

20 C.F.R. § 725.477(b), the regulation that sets forth the form and contents of an ALJ's decision and order, provides that "[a] decision and order shall contain *a statement of the basis of the order*, the names of the parties, findings of fact, conclusions of law, and an award, rejection or other appropriate paragraph containing the action of the administrative law judge...." (emphasis added). Petitioner in this case was originally awarded benefits pursuant to the rebuttable interim presumption of total disability set forth in 20 C.F.R. § 727.203(a). Upon remand, however, the ALJ considered the medical evidence of Dr. Branscomb, who stated that petitioner could continue doing coal mining work. This evidence led the ALJ to conclude that

the interim presumption had been rebutted pursuant to 20 C.F.R. § 727.203(b)(2). Thus, this evidence was the "basis of the order" dated June 14, 1985, leading to the rebuttal of the presumption of disability and the ultimate rejection of petitioner's claim. But the June 14 order does not affirmatively show such. It is only the June 20 order that sets forth the full reasoning of the ALJ. Accordingly, we decline to accept the contention espoused by the BRB that the omission of this information constituted merely a clerical error. The ALJ was explaining his decision, after considering the additional evidence of Dr. Branscomb, that the interim presumption had been rebutted. We hold that the decision triggering petitioner's right of appeal under these circumstances is the ALJ's June 20, 1985, amended decision and order. Petitioner's appeal, having been filed within thirty days of this order was therefore timely. We REVERSE the decision of the BRB and REMAND the case to the BRB for consideration of petitioner's appeal.

---

**4.** Fed.R.Civ.P. 60(a) provides:
    (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate

court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**5.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.