**Ed DAUGHERTY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 89–2011.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1989.

Decided March 8, 1990.

Constance Elizabeth McCarty, (argued) Katten, Muchin & Zavis, Karyn G. Gershon, on brief, Chicago, Ill., for petitioner.

Michael John Denney, Counsel for Appellate Litigation, Jerry G. Thorn, Acting Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, on brief, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before WIDENER and WILKINSON, Circuit Judges, and VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

Ed Daugherty seeks review of the decision of the Benefits Review Board affirming the denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* Daugherty contends that the ALJ and the Board erred in reviewing his claim under the interim Labor Department regulations at 20 C.F.R.

§ 727.203 and not under the less stringent interim HEW regulations at 20 C.F.R. § 410.490 as required by *Pittston Coal Group v. Sebben*, 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988).[1]

The Director concedes that the ALJ's actions were improper under *Sebben*, but contends that the Board erred in failing to dismiss Daugherty's appeal for lack of jurisdiction based on his failure to file his notice of appeal within 30 days of the ALJ's decision. We find that Daugherty's notice of appeal was timely filed under the applicable statutes, grant his petition for review, and remand his claim for consideration in light of *Sebben* and our decision in *Broyles v. Director, OWCP*, 824 F.2d 327 (4th Cir.1987), *aff'd sub nom. Pittston Coal Group v. Sebben*, 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988).

Daugherty filed a claim for Black Lung Benefits on August 14, 1974. Although the claim was denied in July 1975, it was reopened pursuant to the Black Lung Benefits Act of 1978. After a formal hearing on November 7, 1985, the ALJ denied Daugherty's claim. The ALJ found that Daugherty had not established at least 10 years of coal mine employment. Thus, Daugherty could not invoke the interim presumption under 20 C.F.R. § 727.203, and his claim was adjudicated under the more stringent permanent Part 410 regulations found in 20 C.F.R., Part 410, Subpart D.

The ALJ issued his order denying benefits on July 16, 1986. The order was received in the office of the deputy commissioner on July 21, 1986. On August 19, 1986, Daugherty's counsel mailed notice of appeal to the Benefits Review Board.[2] The Board, citing the Third Circuit's opinion in *Trent Coal, Inc. v. Day*, 739 F.2d 116 (3d Cir.1984), found that the appeal was timely under 20 C.F.R. § 802.205[3] since the notice had been postmarked by the 30th day after the ALJ's decision was received by the office of the deputy commissioner. The Board reviewed the ALJ's decision on the merits and upheld the denial of benefits. Daugherty then filed his petition for review in this court.

The Black Lung Benefits Act incorporates the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*, governing appeals from ALJs. Title 33 U.S.C. § 921(a) of the Longshoremen's Act provides that a compensation order "shall become effective when filed in the office of the deputy commissioner ... and unless proceedings [are taken] for the ... setting aside of such order ... [it] shall become final at the expiration of the thirtieth day thereafter." Although the statute states that the appeal period begins to run when the order is filed with the office of the deputy commissioner, the Black Lung regulations are less clear.

In 1973 the Secretary of Labor promulgated regulations which required an ALJ to transmit his decision, together with the official record, to the office of the deputy commissioner, who would "formally date and file the transcript, pleadings, and benefits order in his office." 20 C.F.R. § 725.484 (1974). On the same day, the deputy commissioner was to serve a copy

---

1. In *Sebben* the Court held that 30 U.S.C. § 902(f) of the Black Lung Benefits Act required that a miner who filed a claim prior to promulgation of the permanent Labor Department regulations must have his claim adjudicated under the less stringent requirements of 20 C.F.R. § 410.490 if he could not meet the 10–year requirement for invocation of the interim presumption under § 727.290.

2. In its December 8, 1986, acknowledgement of appeal, the Board gave August 19, 1986, as the date of the postmark on Daugherty's notice of appeal. In an August 5, 1987, order denying the Director's motion to dismiss the appeal for lack of jurisdiction, the Board listed August 20, 1986,

as the date. In any event, the latest the notice of appeal was postmarked was on the thirtieth day after the order was filed in the office of the deputy commissioner.

Under 20 C.F.R. § 802.207, the date of mailing the notice of appeal is considered to be the date of filing.

3. Section 802.205 reads, in pertinent part:

(a) A notice of appeal ... must be filed within 30 days from the date upon which a decision or order has been filed in the Office of the Deputy Commissioner pursuant to section 19(e) of the LHWCA or in such office as may be established in the future (see § 702.349 and § 725.478 of this title).

of the order by certified mail on the parties and their representatives.

After the Black Lung Benefits Reform Act of 1977, the Secretary revised procedures for filing orders, apparently in an attempt to streamline the process. The new procedures provide:

> On the date of issuance of a decision and order under § 725.477, the administrative law judge shall serve the decision and order on all parties to the claim by certified mail. On the same date, the original record of the claim shall be returned to the DCMWC [Division of Mine Worker's Compensation] in Washington, D.C., and *the decision and order shall be considered to be filed in the office of the deputy commissioner.*

20 C.F.R. § 725.478 (emphasis added). Section 725.479 states:

> (a) A decision and order shall become effective when filed in the office of the deputy commissioner (see § 725.478), and unless proceedings for suspension or setting aside of such order are instituted within 30 days of such filing, the order shall become final at the expiration of the 30th day after such filing (see § 725.481).
>
> (b) Any party may, within 30 days after the filing of a decision and order under § 725.478, request a reconsideration of such decision and order by the administrative law judge. The procedures to be followed in the reconsideration of a decision and order shall be determined by the administrative law judge.

The Director interprets these regulations as stating that the ALJ's decision is considered "filed" within the meaning of § 725.479 "on the date of issuance." Thus, he contends that the 30–day appeal period begins to run when the ALJ issues and serves his opinion. See *Bennett v. Director, OWCP,* 717 F.2d 1167, 1168 (7th Cir.1983); *Blevins v. Director, OWCP,* 683 F.2d 139, 141 (6th Cir.1982). We do not agree; we are persuaded otherwise, as was the Board, by the reasoning of the Third Circuit in *Trent,* 739 F.2d 116. And we

note in passing that the Board has applied *Trent* on a nationwide basis.

The court in *Trent* correctly reasoned that the Director's construction of the regulations is "patently inconsistent" with the statute, as well as other regulations. *Trent,* 739 F.2d at 117. The statute provides that a compensation order "shall become effective when filed in the office of the deputy commissioner." 33 U.S.C. § 921(a). The statute also grants an aggrieved party 30 days after this filing to perfect an appeal. *Id.* Furthermore, § 725.479(a) tracks the statutory language almost verbatim, and 20 C.F.R. § 802.205 states that the notice of appeal must be filed within 30 days from the day the order is filed in the office of the deputy commissioner.

The Director's construction of the regulations shortens the period of time within which a claimant may appeal an ALJ's decision, and thus deprives claimants of a right that Congress enacted. *Trent,* 739 F.2d at 118. While courts should give proper deference to an agency's interpretation of the regulations it administers, the courts must reject any agency interpretation or construction that is contrary to or inconsistent with the statutes. *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842–44, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). In reviewing an agency's construction of a statute or regulation, a court must first determine if Congress has directly spoken to the precise question at issue. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguous expressed intent of Congress." *Chevron,* 467 U.S. at 842–43, 104 S.Ct. at 2781.

We believe that Congress has spoken on this issue. The plain language of the statute requires that the 30–day period for appeal of an ALJ's order and decision does not begin to run until the documents are "filed in the office of the deputy commissioner." We agree with the Third Circuit, therefore, that the regulation in question in this case, 20 C.F.R. § 725.478, must be construed to conform with the statute.

*Trent,* 739 F.2d at 118. Under the regulations, the ALJ's order still must be filed with the office of the deputy commissioner. We read 20 C.F.R. § 725.478 as identifying where the record must be sent and providing for service, and not as prescribing when an ALJ's decision and order are considered "filed" for purposes of calculating the deadline for appeal.

In this case, Daugherty's notice of appeal was mailed at the latest by the 30th day after filing of the ALJ's order and decision in the office of the deputy commissioner. Therefore, we hold that the Board properly determined that his appeal was timely filed. Having lost the procedural question, the Director concedes that Daugherty's claim must be remanded under *Sebben* and *Broyles* for consideration under the less stringent interim HEW regulations of 20 C.F.R. § 410.490.

Accordingly, the Board's decision is

VACATED AND REMANDED WITH INSTRUCTIONS.