920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Bernard YATES, Respondent.
 No. 90-3244.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Director, Office of Workers' Compensation Programs (the "Director"), petitions for review of an order of the Benefits Review Board affirming the decision of an administrative law judge awarding benefits to respondent Bernard Yates under the Black Lung Benefits Act, 30 U.S.C. Sec. 901-45. For the reasons that follow, we vacate the award of benefits.
 
 I.
 
 2
 Respondent Bernard Yates was born on September 2, 1938, and he worked in coal mines less than ten years. Yates worked as a motorman and a hand loader at several different mine sites in Kentucky and Virginia from 1958 to 1964. From 1968 to 1982, Yates worked for several construction companies installing drywall, but Yates testified that this work did not involve much exposure to dust. Yates also testified that he smoked one-half pack of cigarettes a day for twenty years. Yates filed an application for black lung benefits on November 7, 1983. The Department of Labor administratively denied the claim, and Yates requested a hearing before an administrative law judge ("ALJ"). Following a hearing, an ALJ issued a decision and order on January 22, 1988, awarding benefits to Yates.
 
 
 3
 The ALJ evaluated Yates' claim under the regulations at 20 C.F.R. Part 718. The ALJ noted that the x-ray evidence was conflicting, with one negative x-ray taken on January 5, 1984, and one positive x-ray taken on December 23, 1984. The ALJ concluded that evidence of pneumoconiosis could have developed within the year between the first and second x-rays, and giving Yates "the benefit of the doubt," the ALJ held that Yates does suffer from pneumoconiosis. The ALJ also found that a qualifying ventilatory test showed that Yates has a disabling pulmonary condition. The ALJ noted Yates' history of smoking, but he concluded that "it is unlikely that it would cause his disabling pulmonary impairments." The ALJ found that Yates' only material exposure to dust came from his coal mine employment, and he held that Yates' pneumoconiosis is a result of his work in the coal mines. Accordingly, the ALJ awarded benefits to Yates.
 
 
 4
 On February 22, 1988, the Director filed an appeal with the Benefits Review Board (the "Board") asserting that Yates did not meet his burden of proving that his respiratory impairment arose from his coal mine employment. On February 23, 1988, Yates filed a motion for reconsideration requesting that the ALJ determine the onset date for the award of benefits since he did not set a specific date in the decision and order. On March 10, 1988, the ALJ issued an order amending his prior decision to state a disability onset date of December 22, 1983. The Board did not rule on the Director's appeal until January 22, 1990, when it issued a decision and order affirming the ALJ's award of benefits. The Board held that substantial evidence supported the ALJ's conclusion that Yates' pneumoconiosis resulted from his coal mine employment. On March 20, 1990, the Director petitioned this court for review of the Board's decision.
 
 
 5
 The principal issues presented are (1) whether Yates' motion for reconsideration divested the Board of jurisdiction over the Director's previously filed appeal, and (2) whether the ALJ's decision awarding benefits is supported by substantial evidence.
 
 II.
 
 6
 Our review is limited to determining "whether the outcome below is supported by substantial evidence and was reached in conformance with applicable law." York v. Benefits Review Bd., 819 F.2d 134, 136 (6th Cir.1987). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 7
 A majority of the Director's brief is devoted to the issue of whether Yates' motion for reconsideration divested the Board of jurisdiction over the Director's previously filed appeal. The Director's argument focuses on when the 30-day time limit for filing a motion for reconsideration commences, but the Director erroneously assesses the timeliness of the motion for reconsideration under the regulations regarding timely appeals to the Benefits Review Board. Although there may be a split among the circuits as to when the 30-day period for filing an appeal to the Benefits Review Board commences, see Trent Coal, Inc. v. Day, 739 F.2d 116, 118 (3d Cir.1984) ("The time for filing an appeal begins on the date that the decision and order are filed with the deputy commissioner and not earlier.") (emphasis added); Blevins v. Director, OWCP, 683 F.2d 139, 141 (6th Cir.1982) (ALJ's decision "became effective on the day it was rendered."), it is irrelevant to this case because the issue here is whether Yates timely filed his motion for reconsideration with the ALJ.
 
 
 8
 The regulations applicable to the Benefits Review Board provide in relevant part:
 
 
 9
 [A] timely motion for reconsideration ... is one which is filed not later than 30 days from the date the decision or order was served on all parties by the administrative law judge and considered filed in the Office of the Deputy Commissioner (see Secs. 725.478 and 725.479(b), (c) of this title).
 
 
 10
 20 C.F.R. Sec. 802.206(b)(2). This regulation clearly states that the 30-day period for filing a motion for reconsideration begins when the ALJ serves his decision on the parties, and it further provides that the decision will be deemed to have been filed with the deputy commissioner on the same date.
 
 
 11
 In the present case, the ALJ issued his decision and served it on the parties on January 22, 1988, although the decision was not filed with the deputy commissioner until February 23, 1988. Thus, the 30-day period commenced on January 22, 1988, and Yates' motion for reconsideration filed on February 23, 1988, was untimely. Accordingly, the Board properly exercised jurisdiction over the Director's appeal.[1]
 
 
 12
 Turning to the merits of the present case, the Director argues that the Board erred by affirming the ALJ's award of benefits because Yates failed to prove that his disability was caused by pneumoconiosis. The Director concedes that Yates has pneumoconiosis, that it arose from his coal mine employment, and that he suffers from a totally disabling respiratory or pulmonary impairment. However, the Director contends that Yates presented no evidence to prove that he is disabled due to pneumoconiosis.
 
 
 13
 To receive black lung benefits under Part 718, a claimant must prove three facts: "(1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis arose at least in part out of his coal mine employment; and (3) that he is totally disabled by pneumoconiosis." Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). "The claimant bears the burden of proving each of these elements of his claim by a preponderance of the evidence, except insofar as he is aided by a presumption." Id. Yates is unable to invoke any of the presumptions available under Part 718. See 20 C.F.R. Secs. 718.203(b), 718.302-.306.
 
 
 14
 The narrow question presented in this case is whether Yates has established the causal relationship between his pneumoconiosis and his total disability. An award of benefits requires "a finding that total disability is due not just to respiratory or pulmonary impairment but to pneumoconiosis." Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989). The requirement that a claimant must be disabled "due to" pneumoconiosis is found in 20 C.F.R. Secs. 718.204(a) 7(c)(5).
 
 
 15
 We interpreted the ambiguous "due to" language in Adams v. Director, OWCP, 886 F.2d 818 (6th Cir.1989). Like Yates, the claimant in Adams established his pneumoconiosis by x-ray, and also showed the existence of a totally disabling respiratory disease. Nevertheless, the ALJ denied benefits by ruling that the claimant "failed to establish the requisite causal link between his pneumoconiosis and his total disability." Id. at 820. We rejected the Board's holding that pneumoconiosis must be totally disabling in and of itself for benefits to be awarded. Id. at 824. Rather, we held "that in order to qualify for benefits under Part 718, a miner, who is found to suffer from pneumoconiosis under section 718.202, must affirmatively establish only that his totally disabling respiratory impairment ... was due 'at least in part' to his pneumoconiosis." Id. at 825. While conceding that the causation requirement is not burdensome, we explained that "the claimant must still adduce affirmative evidence that his pneumoconiosis was a contributing cause to his total disability, and the ALJ must be convinced of this fact by a preponderance of the evidence." Id. at 825-26 n. 9.
 
 
 16
 Thus, the question presented is whether Yates proved by a preponderance of the evidence that his pneumoconiosis was a contributing cause to his disabling respiratory condition. We hold that he did not. The ALJ made no specific finding as to the cause of Yates' disabling pulmonary impairments other than stating that his history of smoking was unlikely to cause such impairments. The only medical report in the record is an examination conducted on December 22, 1983, by a Dr. Kanwal. Dr. Kanwal diagnosed exertional dyspnea, an eight-year history of coal dust exposure, and degenerative joint disease. Dr. Kanwal indicated that he was "not sure" if the diagnosed condition was related to dust exposure in Yates' coal mine employment. Accordingly, there is an absence of evidence regarding the etiology of Yates' respiratory condition.
 
 
 17
 Yates asserts that the Director is essentially asking this court to reweigh the evidence on a matter that fell within the discretion of the ALJ. Yates contends that "Dr. Kanwal's report merely gave rise to reasonable doubt as to whether the totally disabling pulmonary disease ... was related to [his] coal dust exposure." Respondent's Brief at 7. Yates maintains that there was sufficient evidence to go either way on the causation question, and he asserts that the ALJ reviewed his history of exposure to coal dust and resolved any reasonable doubt in his favor.
 
 
 18
 The problem with Yates' argument is that there is no evidence in the record showing that his pneumoconiosis was a contributing cause to his respiratory disability. At best, Yates can only point to the ALJ's finding it unlikely that his history of smoking caused his disabling respiratory impairments. Even assuming the ALJ is qualified to render such a medical conclusion, his finding does not affirmatively establish that pneumoconiosis was a contributing cause of Yates' disabling respiratory impairments. Therefore, the ALJ's award of benefits is not supported by substantial evidence because Yates failed to offer "affirmative evidence that his pneumoconiosis was a contributing cause to his total disability." Adams, 886 F.2d at 825-26 n. 9.
 
 III.
 
 19
 Accordingly, for the foregoing reasons, the decision of the Benefits Review Board is REVERSED and the award of benefits is VACATED.
 
 
 
 [1]
 Yates agrees that the Board had jurisdiction over the Director's appeal