23 F.3d 401
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bude JARVIS, Petitioner,
v.
CARBON FUEL COMPANY; Director, Office Of Workers'
Compensation Programs, United States Department Of
Labor, Respondents.
 No. 93-1698.
 United States Court of Appeals, Fourth Circuit
 Submitted Feb. 25, 1994.
April 12, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-1843-BLA)
 H. John Taylor, Rand, West Virginia, for Petitioner.
 Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation.
 Helen H. Cox, United States Department of Labor, Washington, D.C., for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bude Jarvis, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits under 30 U.S.C. Secs. 901-45 (1988), and denying his request for a waiver of his obligation to repay an overpayment of benefits he received from the Black Lung Disability Trust Fund (Trust Fund). We must affirm the findings of the Board unless they are not supported by substantial evidence or are contrary to law. See Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir.1984).
 
 
 2
 On appeal, Jarvis no longer contests the findings of the Board and the ALJ that he is not entitled to black lung benefits. Thus, the only issue remaining for consideration is whether the Board and ALJ correctly decided that Jarvis did not meet the conditions for waiver of repayment of the $47,778.60 overpayment he received from the Trust Fund. Jarvis bears the burden of establishing his entitlement to a waiver. See McConnell v. Director, Office of Workers' Compensation Programs, 993 F.2d 1454, 1457 (10th Cir.1993). Where, as in this case, a claimant is without fault in the creation of the overpayment, he is entitled to a waiver if recovery of the overpayment would (1) defeat the purpose of the Black Lung Benefits Act (Act), or (2) be against equity and good conscience. See 20 C.F.R. Sec. 725.542 (1993).
 
 
 3
 Recoupment defeats the purpose of the Act if it "deprive[s] a person of income required for ordinary and necessary living expenses." See 20 C.F.R. Sec. 410.561c (1993). In this case, the ALJ calculated the monthly income of Jarvis and his wife to be $1506, and found that their ordinary and necessary living expenses totalled $1094.* Finding a monthly surplus of over $200, the ALJ determined that Jarvis could be required to repay $200 a month without defeating the purpose of the Act.
 
 
 4
 Jarvis does not dispute the ALJ's mathematical computations on appeal, but argues that the ALJ should have included among his ordinary and necessary living expenses his regular support payments for his married children, ages 40 and 29. We disagree. Under the regulations, support payments to others for whom the claimant is "legally responsible" may be included within the claimant's ordinary and necessary living expenses. See 20 C.F.R. Sec. 410.561c(a)(3) (1993). Since it is undisputed that Jarvis is not legally responsible for the support of his married children, we find that the ALJ properly did not include these payments among Jarvis's expenses. See McConnell, 993 F.2d at 1459. Moreover, we find that substantial evidence supports the ALJ's determination that a $200 monthly payment would not defeat the purpose of the Act in this case since, taking into consideration Jarvis's income and ordinary living expenses, Jarvis still retains a $200 monthly cushion after making his monthly payment towards the overpayment. Id. at 1460.
 
 
 5
 We also reject Jarvis's contention that ordering repayment is against equity and good conscience. Under the regulations, recoupment is against equity and good conscience if the claimant has relied upon the receipt of benefit payments to his detriment by relinquishing a valuable right or changing his position for the worse. See 20 C.F.R. Sec. 410.561(d) (1993). Jarvis does not contest the correctness of the ALJ's finding that there is no evidence in this case that he suffered such a detriment, but argues that the regulatory definition is too narrow, and urges this Court to apply a more traditional and expansive definition of the term "equity."
 
 
 6
 As the Director, Office of Workers' Compensation Programs (Director), points out in response to this argument, this Court generally refrains from consulting outside sources to interpret a term which is, as in this case, unambiguously defined by a statute or regulation. See Norfolk & W. R. Co. v. Roberson, 918 F.2d 1144, 1147 (4th Cir.1990); Daugherty v. Director, Office of Workers' Compensation Programs, 897 F.2d 740, 742 (4th Cir.1987). Even were we to apply the approach advocated by Jarvis in this case, however, focusing upon basic fairness in light of the overall circumstances of the case, it would not change the result in this case, since we would still find the ALJ's decision supported by substantial evidence.
 
 
 7
 First, it is undisputed that Jarvis was not entitled to the benefits he received. Second, he was informed by DOL before payments began that the benefits he would receive were "interim" payments made pursuant to a Deputy Commissioner's initial finding of entitlement, and that he could possibly be required to repay these funds if, as turned out to be the case, he was ultimately found not entitled to benefits. Finally, consideration of whether an order to repay is fair is at least partially subsumed within the inquiry into whether repayment would defeat the purpose of the Act, and we have concluded that the ALJ properly conducted this inquiry in this case.
 
 
 8
 Accordingly, the decision of the Board is affirmed. We dispense with oral argument since we previously granted Jarvis's motion to decide this case on the briefs.
 
 AFFIRMED
 
 
 *
 Although the Board and the parties refer to monthly expenses of $1,148, we note that after arriving at this total initially, the ALJ then subtracted $54 from this figure to reflect the fact that the Jarvis's had paid off an installment debt included in the original total